IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENVIRONMENTAL SOUND SOLUTIONS, INC., <br><br> Petitioner, <br><br> vs. <br><br> FRED CHYNOWETH, REVENUE AGENT, et al., <br><br> Respondent. | No. CV-F-05-1431 REC/LJO <br><br> ORDER DENYING "NOTICE OF VOID JUDGMENT, OBJECTION, MOTIONS FOR RECONSIDERATION AND EXTENSION OF TIME" (Doc. 5) |

Environmental Sound Solutions, Inc., appearing by its president, Kevin L. DeBondt, acting <u>in pro per</u>, filed a "Petition to Quash Summons, Demand for a Bill of Particulars, Request for Injunction, Claim for Personal Damages" against Internal Revenue Service Agent Fred Chynoweth and Does 1-10. The Petition alleges that Revenue Agent Chynoweth lacked legal authority to issue a third party recordkeeper summons to Washington Mutual regarding the tax liability of Environmental Sound Solutions, Inc. for the period June 1, 2002 through May 31, 2003. On January 27, 2006,

1

Mr. DeBondt, acting in pro per on behalf of Environmental Sound Solutions, Inc., filed an "Ex Parte Motion to reverse clerk action". On January 31, 2006, United States Magistrate O'Neill filed an "Order to Strike Ex Parte Motion and To Stay Action", wherein the Magistrate Judge ruled:

> A 'corporation may appear in the federal courts only through licensed counsel.' *Rowland v. California Men's Colony*, 506 U.S. 194, 202 ... (1993); *United States v. High Country Broadcasting Co., Inc.*, 3 F.3d 11244, 1245 (9th Cir. 1993); *see Osborn v. President of Bank of United States*, 9 Wheat. 738, 829 ... (1824); *Turner v. American Bar Ass'n*, 407 F.Supp. 451, 476 (N.D.Tex. 1975)(citing the 'long line of cases' from 1824 to the present holding that a corporation may only be represented by licensed counsel). All artificial entities must appear in federal court through counsel. *Rowland*, 506 U.S. at 202 ... This Court's Local Rule 83-183(a) provides: 'A corporation or other entity may appear only by an attorney.'
>
> Plaintiff pursues neither this action nor its ex parte motion through licensed counsel. As such, plaintiff's ex parte motion is not properly before this Court.
>
> On the basis of good cause, this Court:
>
> 1. STRIKES plaintiff's ex parte motion to reverse clerk action;
>
> 2. ORDERS plaintiff, no later than February 28, 2006, to secure representation of licensed counsel to appear for plaintiff in this action;
>
> 3. ADMONISHES plaintiff that this Court will dismiss this action unless plaintiff, no later than February 28, 2006, secures representation of licensed counsel to appear for plaintiff in this action; and
>
> 4. STAYS this action pending plaintiff's appearance through licensed counsel.

1  On February 23, 2006, Mr. DeBondt, acting in pro per on
2 behalf of Environmental Sound Solutions, Inc., filed a "Notice of
3 Void Judgment, Objection, Motions for Reconsideration and
4 Extension of Time".

5  Mr. DeBondt argues that the January 31 Order issued by
6 Magistrate Judge O'Neill is void because no order to show cause
7 was issued before the Magistrate Judge issued that Order, thereby
8 depriving Environmental Sound Solutions, Inc. of notice and an
9 opportunity to be heard before being ordered to obtain counsel
10 and striking the Ex Parte Motion.

11  However, the Magistrate Judge has authority to strike
12 improper pleadings sua sponte.

13  Mr. DeBondt objects to the January 31 Order on the ground
14 that he has not agreed to allow judicial decisions to be made by
15 a Magistrate Judge and because the January 31 Order was not
16 signed by a district court judge.

17  However, a United States Magistrate Judge is authorized by
18 28 U.S.C. § 636 and Rules 72-300 to 72-303, Local Rules of
19 Practice  to issue orders and/or findings and recommendations in
20 civil cases notwithstanding the absence of consent by a litigant.
21 Included in these duties are petitions to quash administrative
22 summonses filed pursuant to 26 U.S.C. § 7609(b)(2).  See Rule 72-
23 302(c)(10).

24  Mr. DeBondt argues that the January 31 Order issued by
25 Magistrate Judge O'Neill is void because no order to show cause
26 was issued before the Magistrate Judge issued that Order, thereby

3

depriving Environmental Sound Solutions, Inc. of notice and an opportunity to be heard before being ordered to obtain counsel and striking the Ex Parte Motion.

However, the Magistrate Judge has authority to strike improper pleadings <u>sua sponte</u>.

Mr. DeBondt also seeks reconsideration of the January 31 Order to the extent it holds that a corporation must be represented by counsel in proceedings in federal court. Mr. DeBondt argues that this rule does not apply to petitions seeking review of administrative decisions by federal agencies or federal agents. Mr. DeBondt contends:

> Where Congress has created an entitlement to judicial review for Plaintiff as it has done at 28 U.S.C. § 507 and administrative law causes Plaintiff to be legally appearing before the involved agency and thus not appearing in the federal Court, involvement of the Court's resources notwithstanding, then where this Court sits as a clerk of the involved agency, Plaintiff's ex parte motion is properly before the Court, applying Local Rule 83-183(a) would 'abridge, enlarge or modify [Plaintiff's] substantive right' to receive due process before the involved agency, in violation of 28 U.S.C. 2072(b), and said Local Rule cannot therefore constitute sufficient good cause for: striking Plaintiff's motion; ordering Plaintiff to secure licensed counsel; staying Plaintiff's action; nor dismissing Plaintiff's case.

However, Mr. DeBondt cites no authority for that a corporation seeking judicial review in federal court under the Administrative Procedures Act is allowed to proceed without

4

counsel and the court can find none.[1]  Therefore, the court concludes that Mr. DeBondt has not demonstrated that the January 31 Order is contrary to law or clearly erroneous.

    Mr. DeBondt further requests an extension of time to complete service of process, contending that the 120 day period set forth in Rule 4(m), Federal Rules of Civil Procedure, will expire on March 1, 2006.  In so moving, Mr. DeBondt refers to the contentions made by him in the Ex Parte Motion to Reverse Clerk Action ordered stricken in the January 31 Order.  The court denies this request for extension on two grounds.  First, as correctly ruled in the January 31 Order, Mr. DeBondt cannot represent the corporation in this matter.  Secondly, the allegations of the petition and its supporting exhibit establish that the provisions of Rule 12(a)(3)(B), Federal Rules of Civil Procedure, determine when an answer is to be after proper service of summons and the petition.  Rule 12(a)(3)(B) provides:

> An officer or employee of the United States sued in an individual capacity for acts or omissions occurring in connection with the performance of duties on behalf of the United States shall serve an answer to the complaint ... within 60 days after service on the officer or employee, or service on the United States Attorney, whichever is later.

Because it is clear that Rule 12(a)(3)(B) applies, Mr. DeBondt's contention that the Clerk of the Court erred in changing the number of days on the summons within which Revenue Agent

---

[1] The court is not expressing any opinion with regard to Mr. DeBondt's assertion that the petition is brought pursuant to the APA.

Chynoweth is required to file an answer is without merit.

ACCORDINGLY:

1. The "Notice of Void Judgment, Objection, Motions for Reconsideration and Extension of Time" filed by Kevin DeBondt, acting <u>in pro per</u> on behalf of Environmental Sound Solutions, Inc. is denied.

IT IS SO ORDERED.

**Dated:  February 28, 2006**              /s/ Robert E. Coyle
668554                                     UNITED STATES DISTRICT JUDGE

6