IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENVIRONMENTAL SOUND SOLUTIONS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> FRED CHYNOWETH, Revenue Agent, <br><br> Defendant. <br> _____ / | CASE NO. CV F 05-1431 REC LJO <br><br> **FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION** |

## INTRODUCTION

On November 1, 2005, plaintiff Environmental Sound Solutions, Inc. ("plaintiff"), appeared by its president Kevin DeBondt ("Mr. DeBondt"), acting pro se, and who filed for plaintiff a petition ("petition") to seek to quash an Internal Revenue Service summons issued to a bank as a third-party recordkeeper. On January 27, 2006, Mr. DeBondt pro se for plaintiff filed an ex parte motion to address action taken by this Court's clerk regarding a summons for plaintiff's petition. Plaintiff's papers are signed by Mr. DeBondt, and there is no indication that an attorney represents plaintiff, a corporation.

This Court issued its January 31, 2006 order ("January 31 order") to note that plaintiff improperly pursues this action without licensed counsel. The January 31 order struck plaintiff's ex parte motion, required plaintiff, no later than February 28, 2006, to secure representation of licensed counsel, and stayed this action pending plaintiff's appearance through licensed counsel. The January 31 order admonished plaintiff that "this Court will dismiss this action unless plaintiff, no later than February 28,

2006, secures representation of licensed counsel to appear for plaintiff in this action."

On February 23, 2006, Mr. DeBondt, acting pro se for plaintiff, filed a "Notice of Void Judgment, Objection, Motions for Reconsideration and Extension of Time" to challenge the January 31 order and to seek an extension to serve the summons and plaintiff's petition. The district judge's February 28, 2006 order denied the relief sought by Mr. DeBondt, acting pro se for plaintiff.

Mr. DeBondt continues to act pro se for plaintiff, which has failed to secure representation of licensed counsel and to comply with the January 31 order.

## DISCUSSION

### Absence Of Counsel For Plaintiff

As noted in the January 31 order, plaintiff may not appear through Mr. DeBondt acting pro se in that there is no evidence that Mr. DeBondt is a licensed attorney. A "corporation may appear in the federal courts only through licensed counsel." *Rowland v. California Men's Colony*, 506 U.S. 194, 202, 113 S.Ct. 716, 721 (1993); *United States v. High Country Broadcasting Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993); *see Osborn v. President of Bank of United States*, 9 Wheat. 738, 829, 6 L.Ed. 204 (1824); *Turner v. American Bar Ass'n*, 407 F.Supp. 451, 476 (N.D. Tex. 1975) (citing the "long line of cases" from 1824 to the present holding that a corporation may only be represented by licensed counsel). All artificial entities must appear in federal court through counsel. *Rowland*, 506 U.S. at 202, 113 S.Ct. at 721. This Court's Local Rule 83-183(a) provides: "A corporation or other entity may appear only by an attorney."

Plaintiff is not entitled to proceed through Mr. DeBondt acting pro se and without licensed counsel.

### Failure To Comply With Order

In blatant disobedience of the January 31 order and this Court's Local Rule 83-183(a), plaintiff attempts to pursue this action through Mr. DeBondt acting pro se and without licensed counsel. This Court's Local Rule 11-110 provides that ". . . failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate .

. . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to obey a court order or local rules. *See, e.g. Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for failure to obey a court order or to comply with local rules or lack of prosecution, a court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-1261; *Ghazali*, 46 F.3d at 53.

In this case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal in that plaintiff has not advanced this action with its unexplained failure to secured licensed counsel to pursue this action for plaintiff. The third factor -- risk of prejudice to defendant -- also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-133; *Henderson*, 779 F.2d at 1424. The January 31 order admonished plaintiff that "this Court will dismiss this action unless plaintiff, no later than February 28, 2006, secures representation of licensed counsel to appear for plaintiff in this action." Thus, plaintiff received adequate warnings that dismissal would result from noncompliance with this Court's order and failure to prosecute this action. Quite simply,

1  plaintiff has failed to comply with this Court's order and Local Rule to appear though licensed counsel.

## CONCLUSION AND RECOMMENDATION

For the reasons discussed above, this Court RECOMMENDS to DISMISS this action without prejudice: (1) on grounds that plaintiff improperly attempts to proceed in this action without licensed counsel; and (2) pursuant to Local Rule 11-110 for plaintiff's failure to comply with this Court's order and Local Rule regarding representation by counsel and to prosecute this action.

These findings and recommendations are submitted to the United States district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72-304.  No later than March 27, 2006, plaintiff may file written objections to these findings and recommendations with the Court and serve a copy on the magistrate judge in compliance with this Court's Local Rule 72-304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district court will then review the magistrate judge's ruling, pursuant to 28 U.S.C. § 636(b)(1)(c)).  Plaintiff is admonished that failure to file objections within the specified time may waive the right to appeal the district court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:     March 6, 2006**              /s/ Lawrence J. O'Neill
66h44d                                    UNITED STATES MAGISTRATE JUDGE