**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ENVIRONMENTAL SOUND SOLUTIONS,<br><br>            Plaintiff,<br><br>    vs.<br><br>FRED CHYNOWETH, Revenue Agent,<br><br>            Defendant.<br>_____/ | CASE NO. CV F 05-1431 REC LJO<br><br>**FINDINGS AND RECOMMENDATIONS ON PETITION TO QUASH IRS SUMMONS AND GOVERNMENT'S MOTIONS TO DISMISS PETITION TO QUASH IRS SUMMONS AND TO ENFORCE IRS SUMMONS**<br>(Docs. 1, 17.) |

**INTRODUCTION**

The United States of America ("Government") seeks to dismiss a petition to quash an Internal Revenue Service ("IRS") summons filed by plaintiff Environmental Sound Solutions, Inc. ("ESS") and to enforce the IRS summons issued to ESS' bank. The Government further seeks to substitute itself in place of defendant Revenue Agent Fred Chynoweth ("Agent Chynoweth") as the real party in interest. ESS filed no papers to oppose the Government's motions to dismiss ESS' petition and to enforce the IRS summons. Pursuant to Local Rule 78-230(c), (h), this Court considered the Government's motions on the record and without oral argument or the May 26, 2006 hearing, which is vacated. For the reasons discussed below, this Court RECOMMENDS to:

1.  DISMISS Agent Chynoweth and substitute the United States of America in his place;

2.     DENY ESS' petition to quash the IRS summons to its bank; and

3.     GRANT the Government's motions to dismiss ESS' petition and to enforce the IRS summons to ESS' bank.

## BACKGROUND

Agent Chynoweth is investigating ESS' tax liabilities for the tax period ending May 31, 2003. On October 13, 2005, Agent Chynoweth issued an IRS summons to Washington Mutual to appear on November 15, 2005 to provide testimony, bank statements, signature cards, deposit items and canceled checks for ESS' account with Washington Mutual. On October 13, 2005, Agent Chynoweth served ESS notice of the summons by certified mail.

On November 1, 2005, Kevin L. DeBondt, as ESS president, filed a "Petition to Quash Summons, Demand for a Bill of Particulars, Request for Injunction, Claim for Personal Damages" ("petition") to challenge validity of the IRS summons to Washington Mutual and its service. The petition names Agent Chynoweth as the sole defendant. On March 8, 2006, Agent Chynoweth was served with the petition. After ESS secured an attorney, it filed on April 15, 2006 a certificate of March 7, 2006 service of the petition by certified mail on Agent Chynoweth. On April 14, 2006, ESS filed a proof of April 14, 2006 service of the petition by U.S. mail on the U.S. Attorney's Office for the Eastern District of California and the U.S. Department of Justice.

On April 21, 2006, the Government filed its papers to:

1.     Dismiss all claims against Agent Chynoweth and to substitute the Government as defendant;

2.     Dismiss the petition for lack of subject matter jurisdiction in that ESS failed to serve its petition within 20 days after ESS received notice of the IRS summons; and

3.     Enforce the IRS summons.

Agent Chynoweth's supporting declaration states:

1.     The IRS does not possess the summoned banking records;

2.     The summoned banking records are necessary "to properly investigate the financial information to aid in the examination of [ESS'] Federal tax liabilities for the tax period ending May 31, 2003";

2

3. "All administrative steps required by the Internal Revenue Code for issuance of summons have been taken"; and

4. There is no "Justice Department referral" for ESS for the tax period ending May 31, 2003 to present.

ESS filed no timely opposition papers.

## DISCUSSION

### Real Party In Interest

The Government claims it is the real party in interest to be substituted as defendant in place of Agent Chynoweth in that Agent Chynoweth acted in his official capacity to issue the IRS summons. The Government is correct. "When an action is one against named individual defendants, but the acts complained of consist of actions taken by defendants in their official capacity as agents of the United States, the action is in fact one against the United States." *Atkinson v. O'Neill*, 867 F.2d 589, 590 (10th Cir. 1989). "[A] suit against IRS employees in their official capacity is essentially a suit against the United States." *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985); *see Hawaii v. Gordon*, 373 U.S. 57, 58, 83 S.Ct. 1052 (1963); *Burgos v. Milton,* 709 F.2d 1, 2 (1st Cir. 1983); *English v. Krubsack*, 371 F.Supp.2d 1198, 1200 (E.D. Cal. 2005) (dismissing revenue agent and substituting Government as real party in interest in action to quash IRS summons). Moreover, Agent Chynoweth is immune from individual liability for his revenue agent actions. *See Ryan v. Bilby*, 764 F.2d 1325, 1328 (9th Cir. 1985). As such, the Government is the proper defendant to warrant dismissal of Agent Chynoweth and substitution of the Government in his place.

### Untimely Service Of Petition

The Government contends that this Court lacks subject matter jurisdiction in that ESS failed to comply with 26 U.S.C. § 7609(b)(2)(B)[1] to serve the petition within 20 days after notice of the IRS summons to ESS. Under the doctrine of sovereign immunity, the Government "is immune from suit unless it has expressly waived such immunity and consented to be sued." *Gilbert*, 756 F.2d at 1458. The Government consents to petitions to quash IRS summonses when a challenging taxpayer files and

---

[1] Unless otherwise indicated, all further statutory references will be to the Internal Revenue Code, 26 U.S.C. § 1, et seq.

3

1   serves "by registered or certified mail" to the IRS, through its revenue agent designated in the notice of
2   summons, a petition to quash no later than 20 days after the IRS provided notice of summons to the
3   taxpayer.  *See* 26 U.S.C. § 7609(b)(2)(A), (B); *Travis v. Miki*, 394 F.Supp.2d 1277, 1280 (D. Hi. 2005).
4   Section 7609(b)(2)(A)'s 20-day filing requirement is jurisdictional.  *Ponsford v. United States*, 771 F.2d
5   1305, 1309 (9th Cir. 1985); *see, e.g., Fogelson v. United States*, 579 F.Supp. 573, 574 (D. Kan. 1983);
6   *Grishman v. United States*, 578 F.Supp. 73, 74 (S.D. N.Y. 1983);  *Bilodeau v. United States*, 577
7   F.Supp. 234, 235 (D. N.H. 1983); *Riggs v. United States*, 575 F.Supp. 738, 741-742 (N.D. Ill. 1983).
8   "[T]he twenty-day limit must be strictly construed because it is a condition precedent to the waiver of
9   sovereign immunity." *Ponsford,* 771 F.2d at1309.  The notice is given under section 7609, and the 20-
10  day period begins to run on the date the IRS gives, sends or mails notice of the summons to the taxpayer,
11  not until its receipt by the addressee. *Stringer v. United States*, 776 F.2d 274, 275-276 (11th Cir. 1985);
12  *Franklin v. United States*, 581 F.Supp. 38 (E.D. Mich. 1984); *Bilodeau*, 577 F.Supp. 234; *Riggs*, 575
13  F.Supp. at 741.

14  Here, Agent Chynoweth served ESS on October 13, 2005 by certified mail notice of the IRS
15  summons with a copy of the IRS summons.  Although ESS timely filed its petition on November 1, 2005
16  and within 20 days of notice of the IRS summons, ESS delayed to serve the petition until March 8, 2005,
17  nearly five months after Agent Chynoweth notified ESS of the IRS summons.  ESS failed to comply
18  with section 7609(b)(2)(B) to serve the petition on the IRS or Agent Chynoweth within 20 days and in
19  turn to invoke this Court's jurisdiction to hear ESS' petition.  *See Chapple v. Internal Revenue Service*,
20  1996 WL 249351, p. 1 (D. Id.) (petition to quash IRS summons dismissed for lack of subject matter
21  jurisdiction due to failure to comply strictly with section 7609(b)(2)(B) to send copy of petition to
22  issuing revenue agent within 20 days of notice of IRS summons); *Dame v. United States*, 643 F.Supp.
23  533, 534-535 (S.D.N.Y. 1986) (dismissal for lack of subject matter jurisdiction for failure to serve
24  petition to quash on summoned party within 20 days); *Shipley v. United States*, 1994 WL 731541, p. 1-2
25  (dismissal for lack of subject matter jurisdiction for failure to file and serve petition to quash IRS
26  summons within 20 days).  In the absence of subject matter jurisdiction, ESS' petition is dismissed.

27  Although not raised by the Government, the record reveals further deficiencies as to petition
28  service on the United States Attorney General and the United States Attorney for this district.  Service

4

of process on the Government is effectuated:

> (A) by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney in writing filed with the clerk of the court or by sending a copy of the summons and of the complaint **by registered or certified mail** addressed to the civil process clerk at the office of the United States attorney and
>
> (B) by also sending a copy of the summons and of the complaint **by registered or certified mail** to the Attorney General of the United States at Washington, District of Columbia, and
>
> (C) in any action attacking the validity of an order of an officer or agency of the United States not made a party, by also sending a copy of the summons and of the complaint by registered or certified mail to the officer or agency.

F.R.Civ.P. 4(i)(1)(A) – (C) (Bold added).

F.R.Civ.P. 12(b)(5) authorizes a motion to dismiss for "insufficiency of service of process." If service of process is not accomplished within 120 days of filing an action, this Court is empowered to dismiss the action. *See* F.R.Civ.P. 4(m); *Reynolds v. United States*, 782 F.2d 837, 838 (9th Cir. 1986). ESS filed a proof to show April 14, 2006 service of the petition by U.S. mail, not registered or certified mail, on the U.S. Attorney's Office for the Eastern District of California and the U.S. Department of Justice. Such service fails to comply with F.R.Civ.P. 4(i) and well exceeded 120 days from the filing of this action. ESS' insufficient service further supports dismissal of its petition.

### Summons Enforcement

The Government seeks to enforce the IRS summons to Washington Mutual. The IRS has broad investigatory powers under the Internal Revenue Code. *See* 26 U.S.C. §§ 7601-7613. Under section 7602(a)(1), the IRS is empowered to issue a summons to compel examination of "books, papers, records or other data which may be relevant or material" to an inquiry for purpose of "ascertaining the correctness of any return, making a return where none has been made" and "determining" and "collecting" tax liability. The relevance requirement under section 7602 is whether the requested material "might have thrown light upon the correctness of the return." *United States v. Arthur Young & Co.*, 465 U.S. 805, 813-815 & n. 11, 104 S.Ct. 1495, 1501 & n. 11 (1984); *David H. Tedder & Associates, Inc. v. United States*, 77 F.3d 1166, 1169 (9th Cir. 1996). The IRS may issue a summons to investigate "merely on suspicion that the law is being violated, or even because it wants assurance that

it is not." *United States v. Powell*, 379 U.S. 48, 57, 85 S.Ct. 248 (1964) (quoting *United States v. Morton Salt Co.*, 338 U.S. 632, 642-643, 70 S.Ct. 357 (1950)).

Under section 7608(a) and (b), IRS agents are authorized to "serve subpoenas and summonses issued under authority of the United States." Section 7602(a)(2) provides the IRS is not limited to issuing summonses to taxpayers under investigation and is authorized to summon "any person having possession, custody, or care of books of account" relating to the taxpayer or to summon "any other person the Secretary may deem proper" to produce such information and testimony under oath relevant and material to inquiry. A summons may be directed to almost anyone. *See, e.g., Chen Chi Wang v. United States*, 757 F.2d 1000, 1002 (9th Cir. 1985) (statute provides IRS with "broad powers to summon information relevant to determining the liability of any taxpayer.") The summons power must be construed broadly since it is "critical to the investigative and enforcement functions of the IRS." *Arthur Young & Co.*, 465 U.S. 805, 104 S.Ct. at 1501.

Under section 7609(a)(1), a summons may be issued to a third party (not the taxpayer) and require the third party to give "testimony on or relating to, the production of any portion of records made or kept on or relating to, or the production of any computer software source code . . . with respect to, any person (other than the person summoned) who is identified in the summons . . ." Section 7609(i)(1) obligates a summoned party "to assemble the records requested" and to "be prepared to produce the records pursuant to the summons on the day on which the records are to be examined."

Section 7609(b)(2)(A) authorizes the IRS to "seek to compel compliance with [an IRS] summons." Section 7604(a) grants this Court jurisdiction to enforce an IRS summons. To enforce an IRS summons, the IRS must establish a prima facie case ("*Powell* requirements") to demonstrate its "good faith" that the summons: (1) is issued for a legitimate purpose; (2) seeks information relevant for that purpose; (3) seeks information that is not already within IRS possession; and (4) satisfies all administrative steps required by the United States Code. *Powell*, 379 U.S. at 57-58, 85 S.Ct. at 254-255; *Fortney v. United States*, 59 F.3d 117, 119 (9th Cir. 1995).

In *Liberty Financial Services v. United States*, 778 F.2d 1390, 1392 (9th Cir. 1985), the Ninth Circuit Court of Appeals explained:

To establish a need for judicial enforcement, this showing need only be minimal. This

is necessarily true because the statute must be read broadly in order to ensure that the enforcement powers of the IRS are not unduly restricted. *United States v. Balanced Financial Management, Inc.*, 769 F.2d 1440, 1443 (10th Cir. 1985). Assertions by affidavit of the investigating agent that the requirements are satisfied are sufficient to make the prima facie case. *United States v. Samuels, Kramer & Co.,* 712 F.2d 1342, 1345 (9th Cir. 1983); *United States v. Kis*, 658 F.2d 526, 536-37 (7th Cir. 1981), *cert. denied*, 455 U.S. 1018, 102 S.Ct. 1712, 72 L.Ed.2d 135 (1982).

The Ninth Circuit has further commented: "The government's burden is a 'slight one' and typically is satisfied by the introduction of the sworn declaration of the revenue agent who issued the summons that the *Powell* requirements have been met." *Fortney*, 59 F.3d at 119 (citing *United States v. Dynavac, Inc.*, 6 F.3d 1407, 1414 (9th Cir. 1993)); *United States v. Gilleran*, 992 F.2d 232, 233 (9th Cir. 1993)).

Agent Chynoweth's declaration satisfies the *Powell* requirements to establish a prima facie case that he issued the summons in good faith. In his declaration, Agent Chynoweth explained that he issued the summons legitimately in that the summoned banking records are relevant and necessary "to properly investigate the financial information to aid in the examination of [ESS'] Federal tax liabilities for the tax period ending May 31, 2003." Agent Chynoweth confirmed he complied with IRS summons requirements by serving the summons by certified mail on Washington Mutual and notice of the summons by certified mail on ESS. In addition, he declared that the IRS lacks possession of the banking records sought by the summons and that there has been no referral for criminal prosecution for the pertinent tax period ending May 31, 2003 to present.

### **Merits Of ESS' Petition**

The Government contends that ESS' challenges to the IRS summons lack merit and that ESS fails to meet its heavy burden to quash the summons. After the Government establishes a prima facie case of an IRS summons' good faith, "a 'heavy' burden falls upon the taxpayer to show an abuse of process" or "the lack of institutional good faith." *Dynavac, Inc.*, 6 F.3d at 1414; *Anaya v. United States*, 815 F.2d 1373, 1377 (9th Cir. 1987); *Liberty Financial*, 778 F.2d at 1392. A taxpayer challenging an IRS summons "must allege specific facts and evidence to support his allegations." *Liberty Financial*, 778 F.2d at 1392. IRS "summons enforcement proceedings should be summary in nature." *United States v. Stuart*, 489 U.S. 353, 369, 109 S.Ct. 1183, 1193 (1989) (quoting legislative history).

ESS offers nothing to substantiate its heavy burden to quash the IRS summons to Washington Mutual.

### *Controlling Organic Law*

In its petition, ESS challenges IRS authority under section 7602 to issue a summons on grounds that the "organic and controlling summons authority is § 3173 of the Revised Statutes" to impeach section 7602. Such challenge is meritless in that section 7602 grants the IRS broad summons powers. "Under 26 U.S.C. § 7602, the IRS has broad powers to summon information relevant to determining the liability of any taxpayer." *Chen Chi Wang*, 757 F.2d at 1002. Section 7602(a) empowers the IRS to "obtain such information from the taxpayer himself, or it may require production from 'any person' holding records 'relating to the business of the person liable for tax' or 'any other person the Secretary or his delegate may deem proper.'" *Chen Chi Wang*, 757 F.2d at 1002 (quoting 26 U.S.C. § 7602(a)). The IRS may issue a summons for the purposes set out in section 7602, including "ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax . . . or collecting any such liability." 26 U.S.C. § 7602(a); *Crystal v. United States*, 172 F.3d 1141, 1143 (9th Cir. 1999).

The IRS was authorized to issue its summons to Washington Mutual.

### *Delegation Of Authority*

ESS asserts in its petition that Agent Chynoweth lacks "delegated authority to serve the summons in question" in that only Alcohol Tobacco and Firearms agents "can serve summonses under 26 U.S.C. 7602." ESS' assertion lacks merit in that section 7804(a) authorizes the IRS to employ revenue agents "for the administration and enforcement of the internal revenue laws," including those regarding IRS summonses. Under 26 C.F.R. § 301.7602-1 and IRS Delegation Order No. 4 (Revision 22), the duties of issuing and serving administrative summonses are delegated to IRS agents, such as Agent Chynoweth. As noted above, the IRS has broad authority to summon records from third parties. ESS fails to demonstrate Agent Chynoweth lacked authority to issue the summons to Washington Mutual.

### *Notice Of Contact Of Third Parties*

ESS complains in its petition that Agent Chynoweth "did not provide the 'reasonable notice in advance to the taxpayer required at 26 U.S.C. § 7602(c)(1)." ESS fails to substantiate its complaint in that Agent Chynoweth, on October 13, 2005, served ESS notice of the IRS summons to Washington Mutual by certified mail to comply with section 7602(c)(1).

*Particular Liability*

With its petition, ESS appears to claim that since it "filed an accurate and correct return" and "self determined a liability" of which the IRS has information, the IRS "has no ability to take any further verification action." The petition further claims "where that information is already within the Commissioner's possession, the Summons is invalid." Clearly, the IRS is authorized to investigate ESS' tax liability. Section 7602(a)(1) empowers the IRS to examine "books, papers, records or other data which may be relevant or material" to an inquiry for "ascertaining the correctness of any return, making a return where none has been made" and "determining" and "collecting" tax liability. The relevance requirement under section 7602 is whether the requested material "might have thrown light upon the correctness of the return." *Arthur Young & Co.*, 465 U.S. at 813-815 & n. 11, 104 S.Ct. at 1501 & n. 11 (1984); *David H. Tedder & Associates*, 77 F.3d at 1169. The IRS may issue a summons to investigate "merely on suspicion that the law is being violated, or even because it wants assurance that it is not." *Powell*, 379 U.S. at 57, 85 S.Ct. 248 (1964) (quoting *Morton Salt Co.*, 338 U.S. at 642-643, 70 S.Ct. 357). Agent Chynoweth is authorized to issue the IRS summons to Washington Mutual to investigate ESS' tax liability despite whether ESS self-determined its tax liability. Agent Chynoweth correctly notes that the IRS lacks the information sought from Washington Mutual.

*Perjury Statement*

ESS in its petition asserts that section 6065 requires the IRS summons to be signed under penalty of perjury. ESS reliance on section 6065 is erroneous because it applies to tax returns and related documents submitted to the IRS, not to IRS summonses. *See Morelli v. Alexander*, 920 F.Supp. 556, 558 (S.D.N.Y. 1996); *Villella v. United States*, 2000 WL 968773, p. 6 (S.D.N.Y. 2000). Similar to its other assertions, ESS' assertion of a required IRS summons perjury statement is meritless.

**RECOMMENDATIONS AND CONCLUSION**

For the reasons discussed above, this Court RECOMMENDS to:

1. DISMISS named defendant IRS Revenue Agent Fred Chynoweth and substitute the United States of America in his place;
2. DENY ESS' petition to quash the IRS summons to Washington Mutual;
3. GRANT the United States of America's motions to dismiss ESS' petition and to enforce

1         the IRS summons to Washington Mutual; and

2     4.     DIRECT this Court's clerk to enter judgment in favor of defendant United States of
3         America and against plaintiff Environmental Sound Solutions, Inc. and to close this
4         action.

5     These findings and recommendations are submitted to the district judge assigned to this action,
6 pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72-304. No later than June 7, 2006,
7 any party may file written objections to these findings and recommendations with the Court and serve
8 a copy on all parties and the magistrate judge and otherwise in compliance with this Court's Local Rule
9 72-304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and
10 Recommendations." Responses to objections shall be filed and served no later than June 19, 2006 and
11 otherwise in compliance with this Court's Local Rule 72-304(d). A copy of the responses shall be
12 served on the magistrate judge. The district judge will review the magistrate judge's findings and
13 recommendations, pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file
14 objections within the specified time may waive the right to appeal the district judge's order. *Martinez*
15 *v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

16     IT IS SO ORDERED.

17 **Dated:   May 22, 2006**             **/s/ Lawrence J. O'Neill**
    66h44d                             UNITED STATES MAGISTRATE JUDGE
18

19

20

21

22

23

24

25

26

27

28